**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| 14PNWDC LLC and 14PDC LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ELMER ZAPATA-MERCADO, et al.,<br><br>Defendants. | ) | Civil Action No. 26-1342 (LLA) |

**PLAINTIFFS' RENEWED MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION BASED ON CHANGED CIRCUMSTANCES, AND FOR A RULING GRANTING LEAVE TO FILE THE AMENDED COMPLAINT (ECF No. 26)**

Plaintiffs 14PNWDC LLC and 14PDC LLC, pursuant to Federal Rule of Civil Procedure 65 and Local Civil Rule 65.1, respectfully move for a temporary restraining order and preliminary injunction. This motion is made on notice to all Defendants and to counsel for the 14 P Flats Condominium Association, Inc. (the "Association"). Plaintiffs do not seek ex parte relief.

This motion rests on facts that did not exist when the Court denied Plaintiffs' prior motion on June 8, 2026 (ECF No. 15). On September 25, 2026, the Association's Board — led by Defendants Zapata-Mercado and Arshad — served a "Formal Notice of Default" declaring Plaintiffs' four units more than sixty days in default, invoking Bylaws §§ 7.5 and 11.3, and stating that the Association's governing documents will "force the Board to act" by notifying Plaintiffs' mortgage lenders unless Plaintiffs pay $15,070.02 in full. Plaintiffs' four units secure a single $850,000 loan. Under its terms, a lien attaching to the property without the lender's consent is an Event of Default, and an Event of Default permits the lender to accelerate the entire balance and sell all four units. Plaintiffs owe no regular common-expense assessment. The claimed default consists entirely of charges levied after this suit was filed: fines the Board kept after confirming

Plaintiffs' compliance, assessments levied to fund the defense of this suit, a disputed June special assessment, and late fees on those items. The Board has already suspended the voting rights of Plaintiffs' units — 20% of the Association's vote.

Plaintiffs request a narrow order that:

1. Restrains Defendants Zapata-Mercado and Arshad, their agents, and all persons in active concert or participation with them who receive actual notice — including the Association, its Board of Directors, its managing agent, and its counsel — from sending any notice under Bylaws §§ 11.3 or 12.3, or otherwise communicating any claimed default, to any mortgagee or lender of Units C01, C02, C03, or 402 on the basis of the Disputed Charges defined in the proposed order;
2. Restrains the same persons from recording a memorandum of lien, initiating any judicial or non-judicial foreclosure or power-of-sale proceeding under D.C. Code § 42-1903.13 or Bylaws § 14.8.4, accelerating any assessment, referring any account for third-party collection, or reporting any delinquency to a credit bureau, on the basis of the Disputed Charges;
3. Restrains the same persons from enforcing any suspension of the voting rights of Plaintiffs' units that rests on non-payment of the Disputed Charges, and from assessing further late fees or interest on the Disputed Charges; and
4. Conditions that relief on Plaintiffs' deposit of $5,000 into the Registry of the Court within five business days, as security under Rule 65(c), and on Plaintiffs' continued timely payment of all regular monthly common-expense assessments.

Nothing in the requested order would prevent the Association from levying or collecting regular assessments, conducting its business, collecting any Disputed Charge the Court ultimately

finds valid, or asking the Court to release the deposited funds. The order would extinguish no charge and no lien the Association holds by operation of law.

Plaintiffs also respectfully request that the Court grant their fully briefed Motion for Leave to File Amended (and Supplemental) Complaint (ECF Nos. 26, 27, [X]) now; deem the proposed pleading (ECF No. 26, Ex. A; reproduced at ECF No. 27-1) (the "SAC") filed and served as of the date of the order under LCvR 7(i); deny as moot Plaintiffs' June 10, 2026 motion for leave (ECF No. 17); and enter the case-management terms Plaintiffs proposed in their Reply, including a single 45-day response deadline for all Defendants. The SAC joins the Association, the entity whose conduct this motion seeks to restrain, and expressly prays for the relief sought here. SAC, Prayer for Relief ¶¶ (h), (ah), (aj), (ak). Defendants do not dispute that the Association belongs in this case; they ask the Court to permit an amended pleading naming it. ECF No. 27 at 33.

This motion is supported by the accompanying Memorandum of Points and Authorities, the Declaration of Thomas Eliopoulos II and its exhibits, the Declaration of Jason H. Ehrenberg, and a proposed order.

## LCvR 7(m) AND LCvR 65.1(a) STATEMENT

On October 1, 2026, at 6:16 p.m. ET, undersigned counsel emailed Justin B. Nemeroff, Esq., counsel for Defendants and the Association, describing the relief requested in this motion and asking whether Defendants and the Association consent to, oppose, or take no position on that relief, in whole or in part. As of 8:30 a.m. ET on October 5, 2026, Defendants had not responded. Plaintiffs therefore treat this motion as opposed. As to the request that the Court grant leave to amend, Plaintiffs conferred before filing ECF No. 26, and Defendants oppose it. ECF No. 26 ¶ 8; ECF No. 27. Plaintiffs do not seek relief without notice. On [DATE], counsel served this motion,

the supporting memorandum, declarations, exhibits, and proposed order on Mr. Nemeroff by email at jbn@wortmannemeroff.com and through CM/ECF.

Dated: October 5, 2026

Respectfully submitted,

HOLON LAW PARTNERS LLP

/s/ Jason H. Ehrenberg
Jason H. Ehrenberg, Esq. (DC # 469077)
1178 Broadway, 3rd Floor #4503
New York, NY 10001
(T) (202) 888-3773
(E) jehrenberg@holonlaw.com

*Attorneys for Plaintiffs*
*14PNWDC LLC and 14PDC LLC*

## CERTIFICATE OF SERVICE

I certify that on October 5, 2026, I filed the foregoing motion, together with the Memorandum of Points and Authorities, supporting declarations and exhibits, and proposed order, through CM/ECF, which will send notice to all counsel of record, and served a copy by email on Justin B. Nemeroff, Esq., Wortman & Nemeroff, P.A., counsel for Defendants and for the 14 P Flats Condominium Association, Inc.

/s/ Jason H. Ehrenberg
Jason H. Ehrenberg